UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ISAIAS FLORES RIOS, *et al*.,

    Plaintiffs,

v.

HILLARY RODHAM CLINTON, *et al*.,

    Defendants.

Case No. 2:11-CV-0042-KJD-RJJ

**ORDER**

    Presently before the Court is Defendants' Motion for Summary Judgment (#30). Plaintiffs filed a response in opposition (#33) to which Defendants replied (#34). Plaintiffs' Motion to Dismiss (#19) is moot per the Amended Complaint (#20) which omitted the defendants Plaintiffs sought to voluntarily dismiss.

    The Court finds that issues of fact prevent it from granting Defendants' motion for summary judgment. The Court must assess the credibility of evidence and testimony from witnesses in order to determine whether Plaintiffs were properly notified of the potential termination of their immigrant visas, i.e. whether the National Visa Center ("NVC") sent notice to the alien, Isaias Flores Rios, or effectively to the alien by sending notice to an expressly designated agent, prior to termination under the Immigration and Nationality Act ("INA"), section 203(g). See Singh v. Clinton, 618 F.3d 1085, 1091 (9th Cir. 2010).

The Court finds that the affidavits provided by the Government to be vague and unspecific as to the addresses and parties to which each document or notice was mailed.  Furthermore, live testimony and cross-examination will allow the Court to assess the credibility of the parties that assert that they did not receive notice.  Certainly, the March 8, 2005 Immigrant Visa Application Processing Fee Bill is entirely inadequate to put the alien on notice that failure to apply within one-year of the visa's availability will result in termination of the visa.

Also at issue is whether the June 28, 2007 Application for Adjustment of Status, Form I-485, sent with Rios' second joint motion to reopen was sufficient to meet the requirement that he apply for an immigrant visa within one year of the visa becoming available.  Though Rios did not submit the required fees with the I-485, Plaintiffs have asserted that this was not done at the requirement of the Immigration and Customs Enforcement ("ICE") trial attorney's office.  If Plaintiff's failed to pay the fees at the Government's insistence then the requirement would certainly be equitably tolled.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#30) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss (#19) is **DENIED as moot**.

DATED this 19th day of March 2012.

_____
Kent J. Dawson
United States District Judge